# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**DERRICK JEROME ALLEN (#295151)**     **CIVIL ACTION NO.**

**VERSUS**     **20-510-JWD-EWD**

**FREDA GEE**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**DERRICK JEROME ALLEN (#295151)**     **CIVIL ACTION NO.**

**VERSUS**     **20-510-JWD-EWD**

**FREDA GEE**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This action comes before the Court on a "Motion for Removal of a State Action to the Federal Court," filed by Derrick Jerome Allen ("Plaintiff"), who is representing himself. The Court construes the filing as a Notice of Removal.[1] For the following reasons, it is recommended that this action be remanded on the Court's own motion, as there is no legal basis for Plaintiff to remove his own case.

Plaintiff originally filed this suit through counsel on November 13, 2019 in the Twentieth Judicial District Court for West Feliciana Parish.[2] Based upon the Notice of Removal and attachments, Plaintiff had disagreements with his counsel and is now representing himself.[3] In deciding to represent himself, Plaintiff also decided to remove the case to this Court; however, removal of the action to this Court by Plaintiff is not permissible.[4]

"Federal law permits the removal of a variety of state court actions to federal court."[5] However, pursuant to 28 U.S.C. § 1441, the right to remove an action to federal court is limited to

---

[1] R. Doc. 1.
[2] R. Doc. 1-1, p. 5.
[3] R. Docs, 1 & 1-1, pp. 1-2.
[4] To the extent Plaintiff includes new claims in his "Motion for Removal of a State Action to the Federal Court" that were not included in the state court action, such as claims for retaliation and interference with legal mail (R. Doc. 1, p. 5), the Court does not consider those claims herein. If Plaintiff wishes to bring these allegations before the Court, he should file a new complaint with this Court but should note that such claims are subject to the exhaustion requirements of the Prison Litigation Reform Act. *See* 42 U.S.C. § 1997e.
[5] *Hood v. Wal–Mart Stores, Inc.*, No. 08-1157, 2008 WL 3891960, at *1 (N.D. Tex. Aug. 20, 2008) *citing* 28 U.S.C. §§ 1441-1446.

defendants.⁶  The law is clear that a plaintiff may not remove his own action.⁷  Accordingly, because Plaintiff removed his own action to this Court after having filed in state court, the case should be summarily remanded to the Twentieth Judicial District Court for the Parish of West Feliciana, State of Louisiana.⁸

## RECOMMENDATION

**IT IS RECOMMENDED** that this action be **REMANDED** to the Twentieth Judicial District Court for the Parish of West Feliciana, State of Louisiana, as it was improperly removed by Plaintiff Derrick Jerome Allen.

Signed in Baton Rouge, Louisiana, on August 10, 2020.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

⁶ *Id.*, citing *Kennedy v. Breidenbach*, No. 06-584, 2006 WL 2583148 at *1 (N.D. Tex. Sept. 6, 2006).

⁷ *See, Jerry Family of Sark v. Federal Home Loan Mortgage Corp.*, 161 Fed. Appx. 367, at *1 (5th Cir. 2005)(dismissing as frivolous an appeal from a district court ruling dismissing the plaintiffs' case after they had "removed" it from state court and stating, "First, the plaintiffs cannot 'remove' to federal court a case they chose to file in state court."). *See also*, *Horton v. Nacodoches Independent School Dist.*, 81 F.Supp.2d 707, 710 (E.D. Tex. Jan. 12, 2000) ("While it is a plaintiff's prerogative to choose the initial forum for his suit, once he files in state court there is no valid authority providing plaintiffs the power of removal to federal court."); *Rigaud v. Broward Gen. Med. Ctr.*, 346 Fed. Appx. 453, 454 (11th Cir. 2009) ("Rigaud, as a plaintiff, could not remove her own action"); *Martocchio v. Savoir*, No. 09-358, 2009 WL 3248673, at *1 (D. Conn. Oct. 7, 2009) ("The law is clear, however, that a plaintiff cannot remove his own action from state to federal court."); *McCullough v. Fox*, No. 407-931, 2009 WL 2913569, at *3 n.6 (E.D. Ark. Sept. 9, 2009) (same); *see also Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 132 n.4 (2nd Cir. 2006) ("the provisions of 28 U.S.C. § 1441(a) . . . authorize removal only by the defendant"); *Hamilton v. Aetna Life & Cas. Co.*, 5 F.3d 642, 644 (3rd Cir. 1993) (noting "that there was no authority permitting [plaintiff] to remove his own action"); *Okot v. Callahan*, 788 F.2d 631, 633 (9th Cir. 1986) ("Okot, as the petitioner in the state court proceeding, had no power to remove his own case. Removal is available only to defendants.").

⁸ *See Hood*, 2008 WL 3891960, at *1 ("Because there is no legal basis for a plaintiff to remove his own case, this action should be summarily remanded to state court.); *see also Claxton v. Arizona*, Nos. 92–16324, 92–16326, 1993 WL 191871, at *1 (9th Cir. 1993) (noting that "the district court remanded the action for lack of jurisdiction because Claxton, the plaintiff, may not remove his own action from state court"). Though Plaintiff argues that he should not be penalized for his prior counsel filing suit in state court (R. Doc. 1, p. 1), the law regarding removal of actions does not carve out any exceptions for plaintiffs who are representing themselves, or for inadvertence of counsel. Indeed, *Hood*, as well as other cases cited in this Report, involved *pro se* plaintiffs.